NOT DESIGNATED FOR PUBLICATION

No. 114,741

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEREMY DAVID CARROLL,
*Appellant*.


MEMORANDUM OPINION

Appeal from Riley District Court; MERYL D. WILSON, judge. Opinion filed July 29, 2016. Appeal dismissed.


Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).


Before POWELL, P.J., ARNOLD-BURGER, J., and WALKER, S.J.


*Per Curiam*: Jeremy David Carroll appeals from the district court's imposition of lifetime postrelease supervision. Pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67), we granted Carroll's motion for summary disposition in lieu of briefing. The district court summarily denied Carroll's case-specific challenge to the statute imposing his lifetime postrelease supervision term without making any specific findings, and Carroll never requested more in-depth findings from the district court. Accordingly, the sole issue he presents on appeal was not properly preserved for appellate review and we must dismiss the appeal.


In January 2012, Carroll pled no contest to a single count of sexual exploitation of a child, and the district court sentenced him to 31 months' imprisonment with lifetime

1

postrelease supervision. When his trial attorney failed to timely file an appeal, Carroll attempted to both appeal out of time and withdraw his plea, arguing that no one informed him of the lifetime postrelease supervision term accompanying his sentence. Although the district court summarily denied both motions, Carroll appealed, and this court reversed and remanded for an evidentiary hearing in *State v. Carroll*, No. 110,625, 2014 WL 6676115 (Kan. App. 2014) (unpublished opinion).

On remand, however, Carroll elected against pursuing the motion to withdraw his plea. Instead, he challenged the imposition of lifetime postrelease supervision, asserting a case-specific challenge to the statute imposing his postrelease term. Based on recent caselaw, the district court ruled that lifetime postrelease supervision was not cruel and unusual punishment and reaffirmed Carroll's sentence. Carroll timely appealed.

On appeal, Carroll maintains that the lifetime term of postrelease supervision violates the prohibitions against cruel and unusual punishment found in both the Kansas and United States Constitutions. But as our Kansas Supreme Court has repeatedly held, a defendant wishing to challenge the constitutionality of a sentencing statute must ensure that the district court makes adequate findings of facts and conclusions of law. See *State v. Seward*, 289 Kan. 715, Syl. ¶ 3, 217 P.3d 443 (2009). A defendant's failure to insure the district court makes these findings precludes an appellate court's review of the issue. *State v. Gomez*, 290 Kan. 858, 864, 235 P.3d 1203 (2010).

Here, the district court summarily denied Carroll's challenge to the lifetime postrelease supervision term without making any specific findings, and Carroll never requested more in-depth findings from the district court. Without these findings, this court cannot adequately review Carroll's challenge. As such, the issue is not properly preserved for appellate review.

Appeal dismissed.